**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AHNDRIKA LOGAN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY F/K/A** | § | |
| **THE LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON AND** | § | |
| **UNITED SERVICES AUTOMOBILE** | § | |
| **ASSOCIATION,** | § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants, United Services Automobile Association ("USAA") and Liberty Life Assurance Company of Boston *n/k/a* Lincoln Life Assurance Company of Boston (mistakenly identified as Lincoln National Life Insurance Company *f/k/a* The Liberty Life Assurance Company of Boston) ("Lincoln"), hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441, and state the following grounds for removal:

1.      On June 1, 2020, Plaintiff Ahndrika Logan ("Plaintiff") filed her Original Petition against Defendants in the 438th Judicial District Court of Bexar County, Texas, Cause No. 2020-CI-09979 (the "State Action").

2.      Plaintiff served USAA and Lincoln with a copy of the Original Petition on or about September 8, 2020.  True and correct copies of the documents served upon Defendants are attached as Exhibit 1.

**DEFENDANTS' NOTICE OF REMOVAL**                                                        **Page 1**

3.      This Notice of Removal is being filed within thirty (30) days of receipt by USAA and Lincoln of the Petition in accordance with 28 U.S.C. § 1446(b).

4.      Defendants have not served an answer or a responsive pleading to the Petition nor have they made any appearance or argument in the State Action.

5.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

6.      Venue lies in the United States District Court for the Western District of Texas under 28 U.S.C. §§ 1441(a) and 1391(a) because this Court is the District Court of the United States for the district embracing the place where this action is currently pending.

7.      ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  *See* 29 U.S.C. § 1003.  An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan."  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment."  29 U.S.C. § 1002(1).

8.      ERISA is one of the few federal statutes that supports complete preemption – or super preemption.  Specifically, ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Accordingly, the United States Supreme Court has instructed that all state law claims related to benefits under the terms of an ERISA plan must be re-characterized as claims under ERISA § 502(a), and that such claims

give rise to removal jurisdiction.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (preemptive force of ERISA operates to convert ordinary state law claims into federal claims).

9.      To that end, ERISA preempts state law claims for breach of contract, breach of good faith and fair dealing, waiver, and estoppel, in addition to claims under the Prompt Payment of Claims Act, the Deceptive Trade Practices Act, and the Texas Insurance Code.  *See Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 276-78 (5th Cir. 2004) (holding claims under Texas Insurance Code and for breach of duties of good faith and fair dealing preempted by ERISA); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000) (deciding state law claims for breach of contract, breach of duty of good faith and fair dealing, negligent misrepresentation, common law discrimination, waiver, estoppel, ratification, and under Texas Insurance Code are preempted by ERISA); *Hogan v. Kraft Foods*, 969 F.2d 142, 144-45 (5th Cir. 1992) (finding ERISA preempts plaintiff's state law claims for breach of contract, violations of insurance code, deceptive trade practices, breach of duty of good faith and fair dealing, negligence, and intentional infliction of emotional distress).

10.     Here, Plaintiff alleges she is a former USAA employee and was a participant in the USAA Short-Term Disability Benefit Plan (the "Plan").  *See* Original Petition, ¶9.  She alleges Defendants wrongfully denied her claims for short-term disability benefits under the Plan.  *Id*. at ¶49.  Plaintiff seeks benefits under the Plan, asserting claims for breach of contract, breach of good faith and fair dealing, waiver, and estoppel, in addition to claims under the Prompt Payment of Claims Act, the Deceptive Trade Practices Act, and the Texas Insurance Code.  *Id*. at ¶¶ 50 – 81.

11.     As noted above, the Plan under which Plaintiff seeks benefits is a welfare-benefit plan governed exclusively by ERISA.  *See* USAA Comprehensive Welfare Benefits Plan, Short-Term Disability Benefit Plan, attached as Exhibit 2.  The Plan operates as an ERISA welfare-

benefit plan, and specifically provides an ERISA-governed administrative claim adjudication process. *Id*. at pp. 12-14.  The Plan advises participants of their right to bring a civil action under ERISA § 502 following an adverse benefit determination, and provides a "Governing Law" provision that specifically states the Plan is administered in accordance with the laws of Texas "except to the extent preempted by ERISA or any other applicable federal law."  *Id*.  p. 16.

12.     Therefore, Plaintiff's claims invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §§ 1441(a) and (b) because any claims asserting a denial of benefits are completely preempted by ERISA.  *See Aetna Health Care, Inc. v. Davila*, 542 U.S. 200 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins., Co. v. Dedeaux*, 481 U.S. 41 (1987).  The State Action is tantamount to a civil action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), in that Plaintiff's request for damages arises from a denial of short-term disability benefits, which in turn, necessarily implicates coverage determinations under USAA's ERISA-governed welfare benefits plan.

13.     Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

14.     Contemporaneously with this filing, Defendants are also filing a Notice of Filing Notice of Removal with the 438th Judicial District Court of Bexar County, Texas as required by 28 U.S.C. §1446(d).  A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 3.

15.     By copy of this document and in accordance with the Certificate of Service, Defendants are providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants USAA and Lincoln give notice that the referenced action pending in the 438th Judicial District Court of Bexar County, Texas, Cause No. 2020-CI-09979, has been removed to this Court.

Dated: October 2, 2020                               Respectfully submitted,


*/s/ Pamela B. Linberg*_____
Pamela B. Linberg (TX Bar: 00793299)
JACKSON LEWIS P.C.
1415 Louisiana Street, Suite 3325
Houston, TX 77002
Telephone: 713-650-0404
Email: pamela.linberg@jacksonlewis.com

René E. Thorne (LA Bar: 22875) (*Pro Hac Vice Pending*)
JACKSON LEWIS P.C.
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone: 504-208-1755
Email: rené.thorne@jacksonlewis.com

Juan C. Obregon (TX Bar: 24115220) (*Pro Hac Vice Pending*)
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, CO 80202
Telephone: 303-892-0404
Email: juan.obregon@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of October, 2020 a true and correct copy of the foregoing document was electronically filed with the clerk for the U.S. District Court, Western District of Texas and a copy was forwarded via certified mail, return receipt requested, to the following counsel of record:

Jessica Taylor
THE LAW OFFICE OF JESSICA TAYLOR P.L.L.C.
1150 N. Loop 1604 W., Suite 108
P.O. Box 423
San Antonio, TX 78248
Email: Jessica@jtaylorlaw.com
*Attorney for Plaintiff*

*/s/ Pamela B. Linberg*
Pamela B. Linberg